IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND AND HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>FINGERLE LUMBER CO.,<br>a Michigan corporation,<br><br>Defendant. | FILED: APRIL 02, 2008<br>08CV1886 RCC<br>JUDGE NORGLE<br>MAGISTRATE JUDGE MASON<br><br>Case No.<br><br>Honorable<br>District Judge |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, complaining of Defendant Fingerle Lumber Co., a Michigan corporation (hereinafter "Fingerle Lumber") and allege as follows:

## JURISDICTION AND VENUE

1.  This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund (hereinafter "Pension Fund") by Defendant. Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) and the Pension Fund Trust Agreement.

2.  Plaintiff Pension Fund is an "employee benefit plan" as that term is defined in ERISA and are administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement.

## PARTIES AND RELATIONSHIP

3.  The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in

Rosemont, Cook County, Illinois.

4. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters (hereinafter "IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

5. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Pension Fund and its participants and beneficiaries. 29 U.S.C. §1132(a)(3).

6. Defendant Fingerle Lumber is a Michigan corporation. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), (14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

7. Local Union No. 247 of the IBT (hereinafter "Local 247") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

8. On or about September 1, 2005, Defendant Fingerle Lumber and Local 247 entered into a Collective Bargaining Agreement which is in effect for the period of September 1, 2005 through August 31, 2009 (hereinafter "Agreement").

9. On or about May 11, 2006, Defendant Fingerle Lumber and Local 247 executed a Participation Agreement.

10. Pursuant to the Agreement and the Participation Agreement, Defendant agreed to pay contributions to the Pension Fund on behalf of covered employees.

11. Defendant also agreed to be bound by the provisions of the Trust Agreement

which created the Pension Fund and agreed to pay contributions to the Pension Fund on behalf of employees covered by the Agreement.

12. The Pension Fund Trust Agreement requires Defendant to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements."

13. The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the covered employees.

14. During the period of November 2007 through March 2008, Defendant had employees performing covered work under the Agreement.

15. The Pension Fund Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on the moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions. The interest rate after entry of a judgment against an Employer for contributions shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

16. Section 515 of ERISA, 29 U.S.C. §1145, provides:

> Sec. 515. Every employer who is obligated to make contributions to

        a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

    (2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

        (A)    the unpaid contributions,

        (B)    interest on the unpaid contributions,

        (C)    an amount equal to the greater of --

            (i)    interest on the unpaid contributions, or

            (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

        (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

        (E)    such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

18. Defendant has breached the provisions of ERISA, the Agreement, and the Pension Fund Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund for the period of November 2007 through March 2008.

19. Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18. Defendant owes to the Pension Fund $50,238.22 for unpaid contributions and accumulated interest through March 31, 2008, as a result of the conduct set forth in paragraph 18.

    **WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension

Fund, et al., request the following relief:

A.   A judgment against Defendant Fingered Lumber Co., a Michigan corporation and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for: (i) the unpaid contributions owed to the Funds; (ii) interest on the unpaid contributions computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; (iii) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; (iv) audit fees and costs; and (v) attorney's fees and costs.

B.   Post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

C.   For such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3702
ARDC# 06210910

March 31, 2008