**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND | ) | |
| AND HOWARD McDOUGALL, trustee | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-CV-1886 |
| | ) | JUDGE NORGLE |
| v. | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| FINGERLE LUMBER CO., | ) | |
| a Michigan corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

NOW COMES the Defendant, FINGERLE LUMBER CO. ("Fingerle Lumber"), by and

through its attorneys, The Fishman Group and Querrey & Harrow, Ltd., and respectfully requests

this Honorable Court for leave to file its answer and affirmative defenses to Plaintiffs'

Complaint.

/Steven J. Fishman
The Fishman Group
Attorney for Defendant
40950 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
(248) 258-8700
Illinois Bar Number 821497

/Daniel F. Gallagher
Querrey & Harrow, Ltd.
Attorney for Defendant
175 W. Jackson Blvd., Suite 1600
Chicago, IL  60604
(312) 540-7000
I.D. #0905305

Document #: 1335885

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CENTRAL STATES, SOUTHEAST AND    )
SOUTHWEST AREAS PENSION FUND    )
AND HOWARD McDOUGALL, trustee    )
                                )
        Plaintiffs,             )        Case No. 08-CV-1886
                                )        JUDGE NORGLE
v.                              )        MAGISTRATE JUDGE MASON
                                )
FINGERLE LUMBER CO.,            )
a Michigan corporation,         )
                                )
        Defendant.              )

**ANSWER TO COMPLAINT**

NOW COMES the Defendant, FINGERLE LUMBER CO. ("Fingerle Lumber"), through

its attorneys, The Fishman Group and Querrey & Harrow, Ltd., and answers the Complaint as

follows:

**JURISDICTION AND VENUE**

1.      This action is brought and maintained in accordance with the provisions of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as

amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to recover

employer contributions owed to the Trustees of the Central States, Southeast and Southwest

Areas Pension Fund (hereinafter "Pension Fund") by Defendant. Jurisdiction is premised upon

Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) and the Pension Fund Trust Agreement.

**Answer:** Admitted.

2.      Plaintiff Pension Fund is an "employee benefit plan" as that term is defined in

ERISA and are administered in the Eastern Division of the Northern District of Illinois. Venue is

proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement.

**Answer:** Admitted.

## PARTIES AND RELATIONSHIP

3.     The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

**Answer:** Admitted.

4.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters (hereinafter "IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

**Answer:** Admitted.

5.     Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined by ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Pension Fund and its participants and beneficiaries. 29 U.S.C. §1132(a)(3).

**Answer:** Admitted.

6.      Defendant Fingerle Lumber is a Michigan corporation. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5). (14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

**Answer:** Admitted.

7.      Local Union No. 247 of the IBT (hereinafter "Local 247") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

**Answer:** Admitted.

## CERTAIN RELEVANT BACKGROUND EVENTS

8.      On or about September 1, 2005, Defendant Fingerle Lumber and Local 247 entered into a Collective Bargaining Agreement which is in effect for the period of September 1, 2005 through August 31, 2009 (hereinafter "Agreement").

**Answer:** Denied, except to admit that Fingerle Lumber and Teamsters Local 247 entered into a collective bargaining agreement effective September 1, 2005 and that collective bargaining agreement was subsequently amended in writing by Fingerle Lumber and Teamsters Local 247 effective October 31, 2007 with a copy of the written amendment submitted to Plaintiff.

9.      On or about May 11, 2006, Defendant Fingerle Lumber and Local 247 executed a Participation Agreement.

**Answer:** Admitted.

10.      Pursuant to the Agreement and the Participation Agreement, Defendant agreed to pay contributions to the Pension Fund on behalf fo covered employees.

**Answer:** Denied, except to admit that the Collective Bargaining Agreement and Participation Agreement speak for themselves.

3

11.     Defendant also agreed to be bound by the provisions of the Trust Agreement which created the Pension Fund and agreed to pay contributions to the Pension Fund on behalf of employees covered by the Agreement.

**Answer:** Denied, except to admit that the Trust Agreement, Collective Bargaining Agreement, its subsequent written amendment submitted to Plaintiff, and the Participation Agreement speak for themselves.

12.     The Pension Fund Trust Agreement requires Defendants to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements."

**Answer:** Denied, except to admit that the Trust Agreement, Collective Bargaining Agreement, its subsequent written amendment submitted to Plaintiff, and the Participation Agreement speak for themselves.

13.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the covered employees.

**Answer:** Neither admitted nor denied for the reason Fingerle Lumber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 13, and leaves Plaintiff to its proofs.

14.     During the period of November 2007 through March 2008, Defendant had employees performing covered work under the agreement.

**Answer:** Denied, except to admit that, during the period in question, Fingerle Lumber employed employees under the Collective Bargaining Agreement, but not work for which any contributions were required.

15.     The Pension Fund Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on the moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions owed to this Fund shall include the greater of (a) a doubling of (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions. The interest rate after entry of a judgment against an Employer for contributions shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

**Answer:** Denied, except to admit that the Pension Trust Agreement speaks for itself.

16.     Section 515 of ERISA, 29 U.S.C. §1145, provides:

> Sec. 515. Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**Answer:** Admitted.

5

17.    Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

(2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of –

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraphs (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

**Answer:** Admitted.


## STATUTORY AND CONTRACTUAL VIOLATIONS

18.    Defendant has breached the provisions of ERISA, the Agreement, and the Pension Fund Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund for the period of November 2007 through March 2008.

**Answer:** Denied as untrue.

19.    Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Defendant has neglected and refused

6

to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.
Defendant owes to the Pension Fund $50,238.22 for unpaid contributions and accumulated
interest through March 31, 2008, as a result of the conduct set forth in paragraph 18.

**Answer:** Denied as untrue.

**WHEREFORE,** Defendant requests that this Honorable Court dismiss Plaintiff's
Complaint and award Defendant attorney fees so unjustly incurred.

## AFFIRMATIVE DEFENSES

Fingerle Lumber asserts the following affirmative defenses:

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Fingerle Lumber and Teamsters Local 247, the local union with which Defendant
has a contractual relationship, amended the Collective Bargaining Agreement in 2007 to
terminate any obligation to pay contributions to Plaintiff, and no contributions are owed.

3.      Fingerle Lumber withdrew from the Plaintiff in 2007, and no longer has any
contribution obligations.

4.      Fingerle Lumber has no contribution obligations to Plaintiff for the period
identified by Plaintiff.

5.      Fingerle Lumber reserves the right to add affirmative defenses as discovery
continues.

## **JURY DEMAND**


Defendant demands a trial by jury.



/Steven J. Fishman                          /Daniel F. Gallagher                     
The Fishman Group                      Querrey & Harrow, Ltd.
Attorney for Defendant                 Attorney for Defendant
40950 Woodward Avenue, Suite 350      175 W. Jackson Blvd., Suite 1600
Bloomfield Hills, MI 48304             Chicago, IL  60604
(248) 258-8700                         (312) 540-7000
Illinois Bar Number 821497             ID #0905305

Document #: 1335495